IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KAREN SALAZAR**,

    Plaintiff,

    v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    Defendant.

No. 3:10-cv-00895-HU

OPINION AND ORDER

**MOSMAN, J.**,

On January 25, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [20] in the above-captioned case, recommending that I remand the Commissioner's decision for further proceedings. Defendant filed objections [22] and plaintiff responded [23].

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The Commissioner makes three objections to the F&R.  The first raises two distinct arguments concerning the May 4, 2009, supplemental statement from Nurse Practitioner ("NP") Kevin Probst.  The Commissioner argues that by considering this supplemental statement, Judge Hubel improperly reviewed the decision of the Appeals Council, which is prohibited under *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228 (9th Cir. 2011).  I reject this argument because, as the Ninth Circuit recognized in *Taylor*, consideration of evidence submitted to the Appeals Council does not constitute improper review of the Appeals Council's decision.  659 F.3d at 1232.  The Commissioner also argues that, even if it may be considered, NP Probst's supplemental statement is "entitled to little weight" since it was written after the Administrative Law Judge ("ALJ") issued his decision.  (Def.'s Obj. [22] 3).  This argument fails because the Commissioner cites no authority suggesting a statement receives less weight solely because it is issued after an ALJ's decision, and has not presented any other basis for discrediting NP Probst's supplemental statement.

Second, the Commissioner argues Judge Hubel erred in his analysis of opinions from non-examining physician William Habjan, D.O., and examining physician John Ellison, M.D. (*Id*. at 4).  According to the Commissioner, Judge Hubel misconstrued these physicians' opinions. I agree with Judge Hubel's conclusion that these non-treating physicians' opinions were based on

their improper findings that the objective medical evidence did not suggest Ms. Salazar's impairments imposed limitations, and I therefore reject this argument. The Commissioner's third objection is that Judge Hubel should not have found error in the ALJ's analysis of Ms. Salazar's credibility. (*Id*. at 6). I agree with Judge Hubel on this point as well and this issue is adequately addressed in the F&R.[1]

Therefore, upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [20] as my own opinion.

IT IS SO ORDERED.

DATED this   13th   day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] Ms. Salazar tries to make two belated objections to the F&R in her response [23]. She argues Judge Hubel (a) improperly addressed the ALJ's finding as to transferability of skills, and (b) failed to recognize that a remand for immediate award of benefits, instead of further consideration, is appropriate. I reject both as untimely, and find that, in any event, both issues are adequately addressed in the F&R.

3 – OPINION AND ORDER