1

2

3                    **UNITED STATES DISTRICT COURT**

4                          **DISTRICT OF OREGON**

5                          **PORTLAND DIVISION**

6  KAREN SALAZAR,                      )
                                       )
7              Plaintiff,              )    No. 03:10-cv-00895-HU
                                       )
8  vs.                                 )
                                       )
9  MICHAEL J. ASTRUE,                  )  **FINDINGS AND RECOMMENDATION**
   Commissioner of Social Security,    )    **ON MOTION FOR EAJA FEES**
10                                     )
               Defendant.              )
11
   _____
12                  _____

13 Tim D. Wilborn
   Wilborn Law Office, P.C.
14 P.O. Box 2768
   Oregon City, OR 97045
15
         Attorney for Plaintiff
16

17 S. Amanda Marshall
   United States Attorney
18 Adrian L. Brown
   Assistant United States Attorney
19 1000 S.W. Third Avenue, Suite 600
   Portland, OR 97204-2904
20

21 David Morado
   Regional Chief Counsel
22 Seattle, Region X
   Gerald J. Hill
23 Special Assistant United States Attorney
   Office of the General Counsel
24 Social Security Administration
   701 5th Avenue, Suite 2900 M/S 221A
25 Seattle, WA 98104-7075

26       Attorneys for Defendant

27

28

   1 - FINDINGS AND RECOMMENDATION

HUBEL, United States Magistrate Judge:

The plaintiff Karen Salazar brought this action for judicial review of the Commissioner's decision denying her application for Disability Insurance ("DI") benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.* In Findings and Recommendation entered January 25, 2012, the undersigned recommended that the Commissioner's decision be reversed, and the case be remanded for further proceedings. Dkt. #20. The Commissioner filed objections to my recommendation, and Salazar filed a response. Dkt. ##22 & 23, respectively. Judge Michael W. Mosman overruled the Commissioner's objections, adopted my recommendation, and entered judgment for Salazar on March 13, 2012. Dkt. ##24 & 25.

Salazar now moves for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $6,146.08. Dkt. ##26, 27, & 28. EAJA provides for an award of attorney's fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The Commissioner objects to an award of fees under EAJA, arguing his position in the case was, in fact, substantially justified. Dkt. #29. Although the Commissioner concedes Salazar was the prevailing party in the case under applicable law, he asserts that fact does not automatically entitle her to attorney's fees under EAJA. *Id.*

The Commissioner's position "'is substantially justified if his position met the traditional reasonableness standard - that is justified in substance or in the main, or to a degree that could

2 - FINDINGS AND RECOMMENDATION

satisfy a reasonable person.'" *Johnson v. Astrue*, slip op., 2012 WL 2129387, at \*1 (9th Cir. June 13, 2012) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005) (internal quotation marks omitted)). "Put another way, substantially justified means there is a dispute over which reasonable minds could differ." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation marks, citation omitted). The Commissioner's "position" in the case includes both his litigating position, and "'the action or failure to act by the agency upon which the civil action is based.'" *Wilderness Society v. Babbitt*, 5 F.3d 383, 388 (9th Cir. 1993) (quoting *Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989)). The fact that the Commissioner "did not prevail on the positions he has taken does not invoke a presumption that he was not substantially justified." *Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012); *see Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552, 101 L. Ed. 2d 490 (1988) (recognizing the possibility that the Commissioner could win on an argument that *is not* substantially justified, and also could lose on a position that *is* substantially justified). The Commissioner has the burden to show his position "had a reasonable basis in both law and fact." *Loring v. Astrue*, slip op., 2012 WL 1598291, at \*1 (D. Or. May 7, 2012) (Simon, J.) (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

Notably, it is an abuse of discretion for the court to find, on the merits, that the agency's position was contrary to the constitution, federal statute, or the agency's own regulations, but then to find the agency's position in the case was substantially justified. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996)

1  (citation omitted).  Indeed, the Ninth Circuit has observed that

2  "it will be only a decidedly unusual case in which there is

3  substantial justification under the EAJA even though the agency's

4  decision was reversed as lacking in reasonable, substantial and

5  probative evidence in the record."  *Thangaraja v. Gonzales*, 428

6  F.3d 870, 874 (9th Cir. 2005) (internal quotation marks, citation

7  omitted).

8      In the present case, Salazar argued the ALJ erred in several

9  respects.  She disagreed with the ALJ's residual functional

10 capacity finding, arguing he failed to consider some of her

11 restrictions in his assessment, and he failed to include all of her

12 restrictions in hypothetical questions to the vocational expert.

13 She also argued the ALJ's credibility assessment was erroneous, and

14 the ALJ improperly found she has transferable skills.  In addition,

15 she argued the Appeals Council erred in finding a report from her

16 treating Nurse Practitioner did not warrant remand.  *See* Dkt. ## 17

17 & 19.

18     In my Findings and Recommendation, I found no error in the

19 ALJ's determination that Salazar had acquired job skills in her

20 past work as a school bus driver that would transfer to jobs

21 identified by the vocational expert.  However, in other respects,

22 I agreed with Salazar.  I found the ALJ relied on erroneous reports

23 from state agency consultants, and erred in assessing Salazar's

24 credibility.  I further found the Appeals Council erred in failing

25 to remand the case for further consideration on the basis of a

26 supplemental opinion by Salazar's treating Nurse Practitioner.  I

27 found the opinion to be material, and that it should have resulted

28

4 - FINDINGS AND RECOMMENDATION

1  in remand of the case to the ALJ for further development of the
2  record. *See* Dkt. #20.

3       The Commissioner particularly objected to my findings
4  regarding treatment of the Nurse Practitioner's report.  He also
5  argued the action of the Appeals Council in denying Salazar's
6  request for review was not subject to judicial review. *See* Dkt.
7  ##18 & 22.  As noted above, Judge Mosman overruled those
8  objections, and adopted my Findings and Recommendation in full.
9  Dkt. #24.  In the Commissioner's opposition to Salazar's request
10 for EAJA fees, he argues the positions he took in the case had a
11 reasonable basis in law.  He effectively renews his arguments in
12 support of the ALJ's reliance on the consultants' reports,
13 assessment of Salazar's credibility, and weighing of the evidence,
14 as well as his continuing argument that the Appeals Council's
15 action was not subject to judicial review. Dkt. #29.

16      I find the Commissioner's arguments unpersuasive. Except with
17 regard to the transferability of Salazar's skills, I find the
18 Commissioner's position on the merits of the case was not
19 substantially justified, and Salazar is entitled to an award of
20 EAJA fees.  Having so found, "[i]t remains for the district court
21 to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461
22 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  The
23 *Hensley* court observed that "[t]he most useful starting point for
24 determining the amount of a reasonable fee is the number of hours
25 reasonably expended on the litigation multiplied by a reasonable
26 hourly rate," *id.*, which calculation results in a "lodestar." *Webb*
27 *v. Ada County, Idaho*, 195 F.3d 524, 527 (9th Cir. 1999) (citing
28 *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)).

5 - FINDINGS AND RECOMMENDATION

1 The lodestar may be adjusted to reflect the results obtained in the
2 case. *Id.* (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73
3 F.3d 895, 901 (9th Cir. 1995)).   The district court enjoys
4 "considerable discretion . . . in determining what attorney's fee
5 is reasonable." *Id.*

6    The court first will look at "the number of hours reasonably
7 expended on the litigation." *Hensley, supra*.   The time records
8 submitted with Salazar's motion indicate that attorney Tim Wilborn
9 expended 18.50 hours in this case (6.0 hours in 2010, 6.1 hours in
10 2011, and 6.4 hours in 2012); and attorney Betsy Stephens expended
11 15.55 hours in the case (11.25 hours in 2011, and 4.3 hours in
12 2012); for a total of 34.05 hours.  Preliminarily, the court notes
13 that an expenditure of 34.05 hours falls within the twenty-to-
14 forty-hour range Judge Michael W. Mosman found to be a "reasonable
15 amount of time to spend on a social security case that does not
16 present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d
17 1214, 1215 (D. Or. 2007) (noting "some consensus among the district
18 courts" on this point; citing cases).   Judge Mosman agreed that
19 "[a]bsent unusual circumstances or complexity, . . . this range
20 provides an accurate framework for measuring whether the amount of
21 time counsel spent is reasonable." *Id.*

22    In the present case, the administrative record was 285 pages
23 long - a very short record compared to most Social Security cases
24 submitted to this court for review.   Salazar's opening brief was
25 twenty pages long, eleven pages of which comprised detailed legal
26 argument on four assertions of error.   The Commissioner filed a
27 twelve-page responsive brief, and Salazar filed a nine-page reply
28 brief.   In addition, counsel expended 7.4 hours reviewing my

6 - FINDINGS AND RECOMMENDATION

Findings and Recommendation and the Commissioner's objections thereto, and preparing a response to the objections that ultimately resulted in a judgment in Salazar's favor. The attorneys' time records indicate the time expended by counsel in this case was reasonable. None of the entries represents clerical or secretarial tasks not payable under EAJA. *See, e.g.*, *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (noting that "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). In addition, counsel's work did not overlap and they have not billed for duplicate time spent on the same tasks. Although both co-counsel worked on Salazar's opening and reply briefs, and responding to the Commissioner's objections to my Findings and Recommendation, the total time spent on these tasks was reasonable and appropriate (i.e., a total of 11.15 hours on the opening brief, 4.35 hours on the reply brief, and 7.4 hours to review the Findings and Recommendation and respond to the Commissioner's objections). I therefore conclude that the total attorney time of 34.05 hours is reasonable under the circumstances.

In considering the applicable hourly rate, the statute itself sets a $125 per hour ceiling "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).[1] To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers (the "CPI-U"), not seasonally adjusted, and

---

[1]Congress raised the rate for EAJA fees from $75 to $125 per hour in 1996. The CPI-U index, all items, not seasonally adjusted for 1996, was 155.7.

7 - FINDINGS AND RECOMMENDATION

1   applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93

2   (9th Cir. 1993).  The cost-of-living increase is "calculated by

3   multiplying the $125 statutory maximum hourly rate by the . . .

4   CPI-U for the years in which the attorney's work was performed and

5   dividing by the CPI-U figure for March 1996 (155.7), the effective

6   date of the statutory maximum hourly rate." *Nadarajah v. Holder*,

7   569 F.3d 906, 918 (9th Cir. 2009) (citing *Thangaraja v. Gonzales*,

8   428 F.3d 870, 876-77 (9th Cir. 2005)).

9        The EAJA-adjusted hourly rate for 2010 is $175.06[2]; for 2011

10  is $180.59[3]; and for 2012 is $184.95.[4]  Multiplying counsels' hours

11  for the respective years results in attorney fees of $1,050.36 for

12  2010 (6.0 hours x $175.06); $3,133.24 for 2011 (17.35 hours x

13  $180.59); and $1,978.97 for 2012 (10.7 x $184.95); for a total of

14  $6,162.57 for all three years.[5]

15       Accordingly, I recommend that Salazar's motion for EAJA fees

16  in the amount of $6,146.08 (Dkt. #26) be granted, and she be

17  awarded attorneys' fees in that amount.

18  / / /

19  / / /

20  / / /

21

22  _____

23       [2]$125 x (2010 annual index of 218.056/155.7) = $175.06.

24       [3]$125 x (2011 annual index of 224.939/155.7) = $180.59.

25       [4]$125 x (2012 index for August, the most recently-available
    month, of 230.379/155.7) = $184.95.
26

27       [5]This amount is $16.49 more than the amount requested by
    counsel in the motion.  Counsel's calculation for the 2012 fees was
28  based on the 2012 index for an earlier month, because the August
    index was not yet available at the time the motion was filed.

8 - FINDINGS AND RECOMMENDATION

*SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due **October 8, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due by **October 25, 2012.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 19th day of September, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION